[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Zainub Shabazz, from a final decision of the defendant, Department of Social Services ("DSS"), denying her family assistance benefits. It is uncontested that Shabazz became eligible and received benefits from DSS under its temporary family assistance program set forth in General Statutes § 17b-112, for a twenty-one month period ending November 30, 1997. (Complaint, ¶ 4.) The record shows that subsequently Shabazz received an extension of six months until May 31, 1998. (Complaint, ¶ 5; Return of Record ("ROR"), Volume I, p. 2.)
During this extension of benefits, Shabazz was required to make efforts to find employment. (ROR, Volume I, p. 2.) in January of 1998, Shabazz forgot to attend a job counseling meeting and then did not attend a rescheduled meeting in February of 1998, because her babysitter was ill.[1] (ROR, Volume II, pp. 15-16.) No sanction was taken against Shabazz for these violations of the program.
On April 17, 1998, the agency denied Shabazz's request for a second six-month extension of her benefits beyond May 31st because of her lack CT Page 7263 of a good faith effort in seeking employment. (ROR, Volume I, p. 2.) DSS gave notice to Shabazz of this denial and of the right to a hearing. (ROR, Volume I, p. 29.) Shabazz did not request a hearing within the sixty-day time limit. (ROR. Volume I, p. 5.) Shabazz was placed in the "safety net" program in April 1998, and also continued to receive benefits under the temporary family assistance program until the end of May, 1998. (ROR, Volume I, p. 2.)
On January 4, 1999, Shabazz again applied for an extension of benefits. This request was denied by DSS on January 5, 1999, because of the prior April 1998 disqualification. This time, Shabazz appealed her denial of benefits and a hearing was held by DSS on March 1, 1999. (ROR, Volume I, p. 1.) At the hearing, the hearing officer received documents and heard testimony regarding the denial of the second extension of the temporary family assistance benefits in April of 1998. The hearing officer questioned Shabazz regarding her failure to seek out employment and the missed appointments in January and February of 1998. (ROR, Volume II, pp. 15-16.) The hearing officer concluded that she could not undue the 1998 decision itself, because no request for hearing had been made by Shabazz. The hearing officer did, however, evaluate the effort of Shabazz during the first extension and concluded that she had not made a good faith effort to find or keep a job. (ROR, Volume I, p. 2, ¶¶ 8-9.) Therefore the denial of DSS was upheld by the hearing officer. (ROR, Volume I, p. 5.) Shabazz has now brought this administrative appeal. Based upon the denial of benefits, the court finds that the plaintiff is aggrieved.
In the present appeal, Shabazz first raises the issue that DSS erred in not offering her conciliation in February 1998, when DSS first concluded that she was in violation of the temporary family assistance program. This contention of Shabazz is based upon a misreading of the DSS Uniform Policy Manual ("UPM"). UPM § 8530.5(A) allows for conciliation before an "adverse action" is taken to settle disputes. It occurs before a "penalty" is imposed. UPM § 8530.5(C). DSS did observe that Shabazz was not acting in good faith in February 1998, but no steps were initiated or taken to terminate benefits at that time. The issue of good faith arose during the April 1998 request for extension only. To hold that DSS should have begun conciliation in February of 1998 would require that the term "penalty" be interpreted to include a possible negative mark against a participant in the future. The context of § 8530.50 shows that a "penalty" only refers to the loss of benefits. See UPM § 8530.50(B)(4) In § 8530.55(D)(2) of the UPM, the penalty of immediate cessation of benefits is set forth. Since DSS was not intending to terminate benefits in February, 1998, it did not have to offer conciliation and Shabazz's first claim against the 1998 denial must fail.
Shabazz's second issue is the notice she received in April. 1998 that CT Page 7264 her extension after May 31, 1998, had been denied. She was informed of the denial and the right to a hearing thereon. She claims that she should also have been told of her right to appeal from any unfavorable result in the agency and to be informed of the specific nature of her failure to meet the good faith standard.
Shabazz seeks too much from the requirements of notice. Under Goldbergv. Kelly, 397 U.S. 267 (1970), all that is constitutionally required is a statement of the reasons for the action. That was provided by citation in the notice to the UPM sections that constitute the legal bases for the denial. Giving further evidence drawn from the record is not needed. All that is required is "notice reasonably calculated, under the circumstances, to apprize [Shabazz] of the pendency of the action and afford [her] an opportunity to present objections." Mullane v. CentralHanover Bank and Trust, 339 U.S. 306, 314 (1950).
Due process does not require that Shabazz be informed of all the possible collateral consequences of her failure to request a hearing, such as losing the right to make a request again for an extension. Shabazz, having been alerted to a problem With her extension request, was charged with the duty of investigating the legal status of her application and the consequences of a denial. Gardebring v. Jenkins,485 U.S. 415 (1988) (due process does not require notice informing recipients of former AFDS "lump sum income" rule and the methods for its avoidance — recipient charged with knowledge of law); Volck v.Muzio, 204 Conn. 507, 520 (1987) (failure to inform consequences of refusal to submit to chemical alcohol tests does not bar suspension of driver's license).
The case of Harkless v. Rowe, 232 Conn. 599 (1995) does not require a finding that the hearing officer in 1999 acted erroneously. The hearing officer considered Shabazz's evidence including her own testimony and the letter submitted by her babysitter. The concern in Harkless was that the earlier disqualification (here in April, 1998) would be considered conclusive at subsequent hearings. Thus, the court in Hackless concluded that if improper procedure affected the prior proceedings, DSS "may not uphold the denials of the extensions on the basis of the suspensions alone and must grant the extensions, unless there is some other valid, properly preserved reason to deny the extensions. . ." (Citation omitted; emphasis added.) Id., 628. As indicated, whether nor not any error of procedure was made in 1998, the hearing officer considered again, in 1999 the facts that might have been raised in 1998.
The court also agrees with DSS that the finding of lack of "good faith efforts" includes a finding of a failure to comply with any employment service requirements without good cause. The UPM § 8540.10(A) good CT Page 7265 faith requirement for six-month extension depends upon the UPM § 8540. 10(D)(2)(g) (failure to comply with any employment services requirement without good cause) provision.
The standard of review in this and other cases from DSS has been stated in O'Callaghan v. Commissioner of Social Services, 53 Conn. App. 191, 203
(1999) as follows:
 Judicial review of the decision of an administrative agency is limited. . . . [W]e must decide, in view of all the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. . . . Even as to questions of law, [t]he court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. Burinskas v. Dept. of Social Services, 240 Conn. [141.] 146-47 [(1997)].
(Citations omitted; internal quotation marks omitted.)
For the reasons stated above, DSS has met this standard, and the appeal is therefore dismissed.
Henry S. Cohn, Judge